UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

LISA LEE KILBOURNE,                                                  Civil No. 09-6367-HA

        Plaintiff,                                                             OPINION AND ORDER

        v.

COMMISSIONER of Social Security,

        Defendant.

HAGGERTY, District Judge:

      Plaintiff brings this action seeking judicial review of a decision by the Commissioner of the Social Security Administration denying her application for disability insurance benefits (DIB) and Supplemental Security Income (SSI) benefits. She seeks an order reversing the Commissioner's decision and remanding this case for an award of benefits or for further proceedings. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3).

      This court has reviewed the record of this case and has evaluated counsels' arguments. I conclude that this action must be remanded for additional administrative proceedings.

1   - OPINION AND ORDER

**ADMINISTRATIVE HISTORY**

Plaintiff protectively filed her applications for benefits in July, 2006, alleging disability since November 11, 2004. Plaintiff's application was denied initially and upon reconsideration. An administrative law judge (ALJ) conducted a hearing, and subsequently issued a decision on January 27, 2009, finding that plaintiff was not disabled. Tr. 12-22.[1] The Appeals Council denied review, rendering the ALJ's conclusions a final decision by the Commissioner for purposes of obtaining this judicial review.

**FACTUAL BACKGROUND**

The parties present no substantive challenges to the facts as presented in the record of the case. Details of plaintiff's background and medical history will be reviewed as necessary in this ruling's analysis below.

**STANDARDS**

The parties are familiar with the applicable standards required for determining eligibility for disability benefits. A claimant must prove an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). The ALJ undertook the applicable sequential evaluation process for determining whether plaintiff was eligible for benefits because of disabilities. 20 C.F.R. §§ 404.1520, 416.920; *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Plaintiff's challenges to the ALJ's analysis are addressed below.

---

1      Citations beginning with "Tr." refer to pages in the official transcript of the administrative record filed with the Commissioner's Answer.

2    - OPINION AND ORDER

The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097-98 (9th Cir. 1999) (citations omitted); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (citations omitted). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citations and quotations omitted).

This court must uphold the Commissioner's denial of benefits even if the evidence is susceptible to more than one rational interpretation, as long as one of the interpretations supports the decision of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citation omitted). The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098 (quotation and citation omitted).

The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances in which the evidence would support either outcome. *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003) (citation omitted). A decision to deny benefits may be set aside only if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record. *Id*.

## SUMMARY OF THE ALJ'S FINDINGS

At step one of the sequential analysis, the ALJ found that plaintiff had not engaged in SGA since plaintiff's alleged disability onset date. Tr. 14, Finding 2.

3   - OPINION AND ORDER

At step two, the ALJ found that plaintiff had the following severe impairments: amputation of the lower left leg, with a "functional stump" and restless leg syndrome. Tr. 14, Finding 3.

At step three, the ALJ found that plaintiff's impairments did not meet or equal the requirements of a listed impairment. Tr. 15-17, Finding 4. The ALJ determined that plaintiff had the residual functional capacity (RFC) through the date last insured for benefits to perform sedentary work, "except she can lift 20 pounds occasionally and ten pounds frequently," and can stand and walk no more than two hours of an eight-hour work day. She is precluded from using ladders, ropes or scaffolds, and can only occasionally use stairs. She must avoid hazards such as heights and moving machinery. She is limited to one- to three-step tasks. Tr. 15-16.

At step four, the ALJ found that plaintiff had no past relevant work. Tr. 20, Finding 6.

At step five, considering plaintiff's age, education, work experience, and RFC, the ALJ concluded that plaintiff could perform work existing in significant numbers in the national economy, specifically work as semiconductor assembler, small product assembler, and electronic assembler. Tr. 20-21, Finding 10. Accordingly, the ALJ concluded that plaintiff was not eligible for benefits.

**QUESTION PRESENTED**

Plaintiff's strongest challenges are that the ALJ erred in assessing the credibility of plaintiff and the lay testimony presented. These assignments of error are dispositive regarding providing a basis for remanding. However, the remaining record fails to support a remand for benefits, and plaintiff's other arguments are deemed as either moot or unpersuasive. This case remanded for further proceedings.

**DISCUSSION**

    1.        **Plaintiff's credibility**

Plaintiff asserts that the ALJ erred in concluding that because plaintiff's testimony was "inconsistent with the . . . residual functional capacity assessment" that the ALJ had presented, that testimony was discredited. Tr. 17. This court agrees.

An ALJ need not believe every allegation of disabling pain or functional limitation advanced by a claimant. *See Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995). However, once a claimant shows an underlying impairment which may "reasonably be expected to produce pain or other symptoms alleged," the ALJ must provide "clear and convincing" reasons for finding a claimant not credible absent a finding of malingering. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)).

The ALJ's credibility findings must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza*, 50 F.3d at 750 (citing *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991)). The ALJ may consider objective medical evidence, the claimant's treatment history, his or her daily activities, work record, and observations of physicians and third parties with personal knowledge of the claimant's functional limitations. *Smolen*, 80 F.3d at 1284. In determining a claimant's credibility, the ALJ should consider "ordinary techniques of credibility evaluation," such as a reputation for lying, prior inconsistent statements concerning symptoms, and other testimony that "appears less than candid." *Id.*; *see also Light v. Commissioner*, 119 F.3d 789, 792 (9th Cir. 1997). The ALJ may not, however, make a negative credibility finding solely because the

claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2005).

Under *Smolen* and its progeny, an ALJ cannot reject a claimant's testimony regarding severe symptoms without setting forth specific findings that provide clear and convincing reasons for doing so when there is evidence that the claimant has an underlying impairment, and there is no indication that the claimant is malingering. A two-step analysis applies at the administrative level when considering a claimant's subjective credibility. *Smolen*, 80 F.3d at 1281. First, the claimant must produce objective medical evidence of an impairment and show that the impairment could reasonably be expected to produce some degree of symptom. *Id*. at 1281-82.

If the claimant satisfies the first step and there is no evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of his or her symptoms only after making specific findings that include clear and convincing reasons for doing so. *Id*. at 1281.

The ALJ must "state which testimony is not credible and what evidence suggests the complaints are not credible." *Mersman v. Halter*, 161 F. Supp. 2d 1078, 1086 (N.D. Cal. 2001) (quotations and citations omitted) (the omission of specific, clear, and convincing reasons why the plaintiff's testimony is not credible precludes the court from determining whether the ALJ's conclusion is supported by substantial evidence); Social Security Ruling (SSR) 96-7p (ALJ's decision "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and reasons for that weight"); *see also Smolen*, 80 F.3d at 1281 (In the absence of evidence of malingering, an ALJ can reject the claimant's testimony about the severity of symptoms "only by offering specific, clear and convincing reasons for doing so").

claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2005).

Under *Smolen* and its progeny, an ALJ cannot reject a claimant's testimony regarding severe symptoms without setting forth specific findings that provide clear and convincing reasons for doing so when there is evidence that the claimant has an underlying impairment, and there is no indication that the claimant is malingering. A two-step analysis applies at the administrative level when considering a claimant's subjective credibility. *Smolen*, 80 F.3d at 1281. First, the claimant must produce objective medical evidence of an impairment and show that the impairment could reasonably be expected to produce some degree of symptom. *Id*. at 1281-82.

If the claimant satisfies the first step and there is no evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of his or her symptoms only after making specific findings that include clear and convincing reasons for doing so. *Id*. at 1281.

The ALJ must "state which testimony is not credible and what evidence suggests the complaints are not credible." *Mersman v. Halter*, 161 F. Supp. 2d 1078, 1086 (N.D. Cal. 2001) (quotations and citations omitted) (the omission of specific, clear, and convincing reasons why the plaintiff's testimony is not credible precludes the court from determining whether the ALJ's conclusion is supported by substantial evidence); Social Security Ruling (SSR) 96-7p (ALJ's decision "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and reasons for that weight"); *see also Smolen*, 80 F.3d at 1281 (In the absence of evidence of malingering, an ALJ can reject the claimant's testimony about the severity of symptoms "only by offering specific, clear and convincing reasons for doing so").

Moreover, a claimant's statements cannot be rejected solely because the testimony is viewed as unsubstantiated by the available objective medical evidence. 20 C.F.R. §§ 404.1529(c)(2); 416.929(c)(2).

Here, no substantive evidence of malingering was presented. Plaintiff's testimony appears substantiated by the available medical record, and the ALJ's grounds for discounting it fall short of being clear and convincing, or sufficiently specific. Not only did the medical evidence provide at least partial support for plaintiff's testimony, but the ALJ's reliance upon the perceived inconsistency between that testimony and the RFC that the ALJ derived for plaintiff is error.

An ALJ must consider a claimant's credibility in the course of assessing a claimant's RFC, not after doing so. 20 C.F.R. § 416.945(a)(3); SSR 96-8p at *7. No authority is offered, or has been found by this court, that permits an ALJ to evaluate a claimant's credibility based upon whether the claimant's statements are construed as consistent with the ALJ's subsequent RFC assessment.

The ALJ also referenced plaintiff's assertion that she had been trying to apply for disability benefits "since she was 18," contrasting that to the fact that the record disclosed only one prior formal application. Tr. 17. The ALJ also referred to "significant gaps in her treatment history" and her failure to "consistently" take pain medication. *Id*.

The alleged inconsistency between plaintiff's ambiguous testimony about "applying for Social Security since 18 and many times denied," Tr. 42, and the ALJ's determination that only one prior application had been documented, is insufficient to permit this court to conclude that the ALJ did not discredit plaintiff arbitrarily. *Bunnell*, 947 F.2d at 345-46.

7  - OPINION AND ORDER

Moreover, the remaining reliance upon the appearance of treatment non-compliance is flawed. Under SSR 96-7, an ALJ is not permitted to draw any inferences about an individual's symptoms and their functional effects that are based upon a perceived "failure to seek or pursue regular medical treatment" without first considering any explanations that the individual may provide, or other information in the case record that may explain such apparent failures.

The ALJ failed to pursue concerns about plaintiff's possible non-compliance at the hearing. The issue of plaintiff's possible non-compliance – and the possible explanations for it – also falls short of constituting sufficient reasons for discounting plaintiff's symptom testimony. The errors concerning the evaluation of plaintiff's credibility compel remand.

    **2.**    **Lay testimony**

Plaintiff also assigns error to the ALJ's failure to adequately address the opinion of plaintiff's daughter, Rockie McCall. McCall provided a third-party statement describing her observations of plaintiff's daily activities. Tr. 147-54. McCall reported that if plaintiff walks too much, she suffers blisters, sores, and leg pain, which deprive plaintiff of her sleep. Tr. 148. She also observed that plaintiff has difficulty balancing in the shower, suffers depression, and tires easily. Tr. 149-52.

The ALJ "accepted" these observations as "descriptive" of the daughter's "perceptions," but concluded that the evidence failed to provide "sufficient support to alter the residual functional capacity arrived at herein." Tr. 17.

In determining whether a claimant is disabled, an ALJ is required to consider lay witness testimony concerning a claimant's ability to work. *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009) (citing *Stout v. Comm'r*, 454 F.3d 1050, 1053 (9th Cir. 2006)). Such testimony is

8  - OPINION AND ORDER

competent evidence and cannot be disregarded without comment. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). An ALJ electing to disregard the testimony of a lay witness must do so by providing reasons "that are germane to each witness." *Id*. These germane reasons must also be specific. *Stout*, 454 F.3d at 1054 (explaining that the ALJ, not the district court or the counsel for the Commissioner, must provide specific reasons for rejecting lay testimony).

The ALJ failed to discuss and provide specific reasons for discounting McCall's statements that were germane to their author. The conclusion that the statements are inconsistent with the RFC that ALJ assigned to plaintiff was error, and this error cannot be construed as harmless. This court cannot conclude that no reasonable ALJ—after crediting the testimony fully—would reach a different disability determination regarding plaintiff. *Stout*, 454 F.3d at 1056. This error instead also compels remand.

### 3. Remand

Plaintiff's other arguments—and defendant's responses—have been considered, and the record scrutinized. The court is confident that upon remand, the Commissioner will ensure that all evidence properly presented will be considered, plaintiff's RFC will be identified, addressed, and evaluated, and that all appropriate standards will be applied in the five-step analysis and in evaluating the testimony and evidence submitted.

A court may remand a Social Security disability case under either sentence four or sentence six of 42 U.S.C. § 405(g). *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 605 (9th Cir. 2007). The issues presented here compel a remand under sentence four.

The decision whether to remand under sentence four for further proceedings or for the immediate payment of benefits is within the discretion of the court. *Benecke v. Barnhart*, 379

F.3d 587, 590 (9th Cir. 2004).  "[A] remand for further proceedings is unnecessary if the record is fully developed and it is clear from the record that the ALJ would be required to award benefits."  *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001).  It is appropriate to remand for further proceedings in a case in which the ALJ has failed to articulate an acceptable reason for discrediting a claimant's testimony, and adequate findings remain necessary for determining eligibility for disability benefits.  *Light*, 119 F.3d at 793.

This court concludes that outstanding issues remain that must be resolved before a determination of disability can be made.  Further proceedings will be useful.  Upon remand, the ALJ shall address all evidence presented in accordance with the standards identified above.

**CONCLUSION**

This court concludes that the decision of the Commissioner regarding Lisa Lee Kilbourne must be REVERSED and REMANDED FOR FURTHER PROCEEDINGS consistent with this Opinion and Order and the parameters provided herein.

IT IS SO ORDERED.

DATED this  11  day of April, 2011.

/s/ ANCER L. HAGGERTY
ANCER L. HAGGERTY
United States District Judge