UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


LISA LEE KILBOURNE,                                              Civil No. 09-6367-HA

           Plaintiff,                                     OPINION AND ORDER

           v.

COMMISSIONER of Social Security,

           Defendant.

_____

HAGGERTY, District Judge:

      On April 11, 2011, this court found that the decision of the Commissioner regarding Lisa

Lee Kilbourne must be reversed and remanded for further proceedings consistent with the

Opinion and Order issued on that date and the parameters provided therein.  On May 11, 2011,

plaintiff's counsel filed an amended application [28] for an award of attorney fees pursuant to the

Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in the amount of $8,605.93.  Plaintiff's

prior application [26] is denied as moot as it was superseded by this amended application.


1  - OPINION AND ORDER

Defendant Commissioner filed a Response to this application. Defendant objects to plaintiff's Application for EAJA Fees on two grounds: (1) the Commissioner's position was substantially justified, and/or (2) the fee request is excessive. The Commissioner also complained that the fee motion was premature, because such petitions shall be filed within thirty days after the expiration of the sixty-day period allowed for filing an appeal. Response at 2, n.1. The court notes that the Commissioner has now permitted the opportunity to appeal this court's decision to expire.

**STANDARDS**

The EAJA provides in relevant part:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

Accordingly, to be eligible for attorney fees under the EAJA: (1) the claimant must be a "prevailing party"; (2) the government's position must not have been "substantially justified"; and (3) no special circumstances exist that make an award of attorney fees unjust. *See Comm'r, Immigration & Naturalization Serv. v. Jean*, 496 U.S. 154, 158 (1990).

The burden of proof is on the government to prove that its position was substantially justified. *Scarborough v. Principi*, 541 U.S. 401, 403 (2004); *see also Gonzalez v. Free Speech Coal.*, 408 F.3d 613, 618 (9th Cir. 2005) (the government bears the burden to show that its

conduct was substantially justified at each stage of the proceedings); *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

A position is substantially justified when there is a "reasonable basis in law and fact" for advancing the position. *See Pierce v. Underwood*, 487 U.S. 552, 565-66 (1988); *see also Gonzales*, 408 F.3d at 618 (holding that a position is substantially justified if there is a dispute over which reasonable minds could differ). A position can be substantially justified even though it is incorrect. *Pierce*, 487 U.S. at 566 n.2. Stated differently, the Commissioner's position is substantially justified when it is justified to a degree that could satisfy a reasonable person that it has a reasonable basis in law and fact. *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2005). However, a holding that an agency decision was unsupported by substantial evidence is a strong indication that the government's position was not substantially justified. *Thangaraja v. Gonzalez*, 428 F.3d 870, 874 (9th Cir. 2005). It is only the decidedly unusual case in which substantial justification is found even though the agency's decision was reversed as lacking in reasonable, substantial, and probative evidence in the record. *Id*.

Finding the Commissioner's position to be "substantially justified" normally requires an inquiry into whether the Commissioner's conduct was "justified in substance or in the main" – that is, justified to a degree that could satisfy a reasonable person and supported by a reasonable basis both in law and fact. *Gutierrez*, 274 F.3d at 1258 (internal quotations and citations omitted). "When the government's legal position clearly offends established precedent . . . its position cannot be said to be substantially justified." *Washington v. Heckler*, 756 F.2d 959, 962 (3d Cir. 1985). The court focuses on two questions: "first, whether the government was substantially justified in taking its original action; and, second, whether the government was

3  - OPINION AND ORDER

substantially justified in defending the validity of the action in court." *Kali v. Bowen*, 854 F.2d

329, 332 (9th Cir. 1988).  At least two circuits have held that the government must make a

"strong showing" to meet its burden.  *See Natural Resources Defense Council v. EPA*, 703 F.2d

700, 712 (3d Cir. 1983); *Envtl. Def. Fund, Inc. v. Watt*, 722 F.2d 1081, 1085 (2d Cir. 1983).

**ANALYSIS**

There is no dispute that plaintiff is a prevailing party for purposes of determining

eligibility for EAJA fees.  The only issues as the whether to grant fees are whether the

Commissioner's position was substantially justified, or whether special circumstances exist that

make an award of attorney fees unjust.

There are no special circumstances presented that would preclude a fee award.  And, as

noted, the government bears the burden to prove that its position was substantially justified.

In this case, plaintiff sought judicial review of a decision by the Commissioner of the

Social Security Administration denying her application for disability insurance benefits (DIB)

and Supplemental Security Income (SSI) benefits.  The Administrative Law Judge (ALJ) found

that plaintiff had the following severe impairments: amputation of the lower left leg, with a

"functional stump" and restless leg syndrome.  The ALJ found that plaintiff's impairments did not

meet or equal the requirements of a listed impairment.  Plaintiff was found to have the residual

functional capacity (RFC) through the date last insured for benefits to perform sedentary work,

can lift twenty pounds occasionally and ten pounds frequently, and can stand and walk no more

than two hours of an eight-hour work day.  Plaintiff is limited to one- to three-step tasks.

The ALJ concluded that plaintiff could perform work existing in significant numbers in

the national economy, and so was ineligible for SSI or DIB.  Plaintiff raised several challenges to

this conclusion. Her strongest challenges pertained to the ALJ's errors in assessing plaintiff's credibility and evaluating the lay testimony presented. These errors provided a basis for remanding.

Under Ninth Circuit precedent, an ALJ cannot reject a claimant's testimony regarding severe symptoms without setting forth specific findings that provide clear and convincing reasons for doing so when there is evidence that the claimant has an underlying impairment, and there is no indication that the claimant is malingering. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). A two-step analysis applies at the administrative level when considering a claimant's subjective credibility. *Smolen*, 80 F.3d at 1281. First, the claimant must produce objective medical evidence of an impairment and show that the impairment could reasonably be expected to produce some degree of symptom. *Id*. at 1281-82.

If the claimant satisfies the first step and there is no evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of his or her symptoms only after making specific findings that include clear and convincing reasons for doing so. *Id*. at 1281.

The ALJ must "state which testimony is not credible and what evidence suggests the complaints are not credible." *Mersman v. Halter*, 161 F. Supp. 2d 1078, 1086 (N.D. Cal. 2001) (quotations and citations omitted) (the omission of specific, clear, and convincing reasons why the plaintiff's testimony is not credible precludes the court from determining whether the ALJ's conclusion is supported by substantial evidence); Social Security Ruling (SSR) 96-7p (ALJ's decision "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and reasons for that

weight"); *see also Smolen*, 80 F.3d at 1281 (In the absence of evidence of malingering, an ALJ can reject the claimant's testimony about the severity of symptoms "only by offering specific, clear and convincing reasons for doing so").

In this case, no substantive evidence of malingering was presented. Plaintiff's testimony was substantiated by the available medical record, and the ALJ's grounds for discounting it fell short of being clear and convincing, or even sufficiently specific. Not only did the medical evidence provide at least partial support for plaintiff's testimony, but the ALJ's reliance upon the perceived inconsistency between that testimony and the RFC that the ALJ derived for plaintiff was error. An ALJ must consider a claimant's credibility in the course of assessing a claimant's RFC, not after doing so. 20 C.F.R. § 416.945(a)(3); SSR 96-8p at *7. No authority was offered by the Commissioner, or was found by this court, that would permit an ALJ to evaluate a claimant's credibility based upon whether the claimant's statements are construed as consistent with the ALJ's subsequent RFC assessment.

The ALJ also erred by relying upon the appearance of treatment non-compliance to discredit this plaintiff. Under SSR 96-7, an ALJ is not permitted to draw any inferences about an individual's symptoms and their functional effects that are based upon a perceived "failure to seek or pursue regular medical treatment" without first considering any explanations that the individual may provide, or other information in the case record that may explain such apparent failures. The ALJ failed to pursue concerns about plaintiff's possible non-compliance at the hearing. The issue of plaintiff's possible non-compliance – and the possible explanations for it – also fell short of constituting sufficient reasons for discounting plaintiff's symptom testimony.

6   - OPINION AND ORDER

Additional errors by the ALJ include the ALJ's dismissive treatment of lay testimony.  In determining whether a claimant is disabled, an ALJ is required to consider lay witness testimony concerning a claimant's ability to work.  *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009) (citing *Stout v. Comm'r*, 454 F.3d 1050, 1053 (9th Cir. 2006)).  Such testimony is competent evidence and cannot be disregarded without comment.  *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996).  An ALJ electing to disregard the testimony of a lay witness must do so by providing reasons "that are germane to each witness."  *Id*.  These germane reasons must also be specific.  *Stout*, 454 F.3d at 1054 (explaining that the ALJ, not the district court or the counsel for the Commissioner, must provide specific reasons for rejecting lay testimony).

In this case, the ALJ failed to discuss and provide specific reasons for discounting the lay testimony presented, but instead discredited that testimony as inconsistent with the RFC that ALJ assigned to plaintiff.  This error could not be construed as harmless.

This court has considered defendant's attempts to construe the Commissioner's positions as substantially justified.  Counsel contends that this court "focused on" a preliminary statement by the ALJ regarding credibility instead of a "three-page discussion" that addressed why plaintiff's statements lacked credibility.  Response at 5-6.  The court's alleged "disagreement" with the ALJ's interpretation of the evidence, defendant argues, fails to diminish that a "genuine dispute" existed and should preclude an award of EAJA fees.  *Id*. at 6.

These arguments are rejected.  The court concludes that a reasonable person would not construe the Commissioner's positions regarding the ALJ's evaluation of plaintiff's credibility and the lay testimony as having a reasonable basis in law and fact.  The ALJ lacked substantial justification in these evaluations, and the Commissioner lacked substantial justification for

defending the validity of the action in court.  Accordingly, plaintiff's counsel is entitled to an award of fees under the EAJA.

Defendant also challenges the reasonableness of the fees requested.  Defense counsel argues that plaintiff's attorney claimed 49.3 hours, and that claims for similar amounts of time have been found to be unreasonable in other cases.  Response at 7-8.  Defendant contends that plaintiff's counsel failed to establish that the hours claimed "were reasonably necessary."  *Id*. at 8. Defendant challenges 7.5 hours specifically as time spent "at the administrative level."  *Id*.

Defense counsel also complains of a claim for .20 of one hour for reviewing a two-sentence notice of appearance, a claim of 1.3 hours for filing extensions, and the "extensive use of block quotes."  *Id*. at 8-9.  Defense counsel also challenges a claim of .20 of one hour for electronic communication regarding a possible extension that was ultimately not sought.  *Id*. at 9. Defense counsel concludes by describing this litigation as "exceedingly ordinary."  *Id*.

In addition to construing the description of this litigation as exceedingly ordinary as further support for concluding that the Commissioner's position was never substantially justified, this court finds defense counsel's assumptions regarding plaintiff's fee claim to be wholly lacking in merit.

Before awarding attorney's fees pursuant to the EAJA, this court must determine whether the requested attorney fees are reasonable.  *Jean*, 496 U.S. at 161; *see also* 28 U.S.C. § 2412(d)(1)(A).  The test used in determining what attorney fees are reasonable was set forth in *Hensley v. Eckerhart*, 461 U.S. 424 (1983), which addressed the recovery of attorney fees under 42 U.S.C. § 1988.  This test is also applicable to awards of fees under the EAJA.  *Sorenson v.*

*Mink*, 239 F.3d 1140, 1145 n.2 (9th Cir. 2001) (citing *Jean*, 496 U.S. at 161); *see also Haworth*

*v. State of Nevada*, 56 F.3d 1048, 1051 (9th Cir. 1995).

      The "most useful starting point" for determining the reasonableness of fees "is the number

of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*,

461 U.S. at 433.  Courts should exclude from this initial fee calculation hours that were not

reasonably expended, and the prevailing party's counsel is expected to make a good faith effort to

exclude from a fee request any hours that are "excessive, redundant, or otherwise unnecessary."

*Id*. at 434.

      The court must also must consider the results achieved:

> Where a plaintiff has obtained excellent results, his [or her] attorney should
> recover a fully compensatory fee.  Normally this will encompass all hours
> reasonably expended on the litigation, and indeed in some cases of exceptional
> success an enhanced award may be justified.  In these circumstances the fee award
> should not be reduced simply because the plaintiff failed to prevail on every
> contention raised in the lawsuit.

*Id*.

      This court has undertaken an independent review of the hours claimed and the fee sought

by plaintiff's counsel.  In light of the issues presented, the results achieved, and the performance

of counsel, this court concludes that plaintiff's claim of 49.3 hours worked and the resulting

request for $8,605.93 in fees under the EAJA are reasonable and proper.  Moreover, plaintiff's

counsel is entitled to supplement this fee request with an application for EAJA fees for

reasonable time expended litigating this fee entitlement.  *See Jean*, 496 U.S. at 157; *see also*

*Davis v. City and County of San Francisco*, 976 F.2d 1536, 1544 (9th Cir. 1992).  Plaintiff's

counsel is also entitled to an award of reasonable expenses.  28 U.S.C. § 2412(d)(1)(A).

**CONCLUSION**

The initial application [26] is denied as moot.  The amended application [28] is granted, subject to the pending supplemental application noted above.  Upon finalization of the total EAJA fee, that fee will be paid to plaintiff's attorney, upon verification that plaintiff has no debt which qualifies for offset against the awarded fees, pursuant to the Treasury Offset Program as discussed in *Astrue v. Ratliff*, ___ U.S. ___, 130 S. Ct. 2521, 2527 (2010) (EAJA awards fees to the litigant, subjecting the fee calculation "to a federal administrative offset if the litigant has outstanding federal debts").  If plaintiff has no such debt, then the check shall be made out to plaintiff's attorney.

Plaintiff's counsel shall file the supplemental application within thirty days of this Order. Counsel shall also indicate the counsel's name(s) and address(es) to be used for making payment.

IT IS SO ORDERED.

DATED this 23rd day of June, 2011.

/s/ Ancer L. Haggerty
ANCER L. HAGGERTY
United States District Judge

10 - OPINION AND ORDER